THE HINDS LAW GROUP, APC
JAMES ANDREW HINDS, JR. (SBN 71222)
jhinds@hindslawgroup.com
RACHEL M. SPOSATO (SBN 306045)
rsposato@hindslawgroup.com
21257 Hawthorne Blvd., Second Floor
Torrance, California 90503
Telephone: (310) 316-0500
Facsimile: (310) 792-5977

Attorneys for Plaintiff,
Hinds & Shankman, LLP, a California
Professional Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| HINDS & SHANKMAN, LLP, a California Professional Corporation,<br><br>Plaintiff<br><br>v.<br><br>HANNOVER HOUSE, an Arkansas corporation; ERIC F. PARKINSON (aka ERIC PARKINSON), an individual; D. FREDERICK SHEFTE (aka FREDRICK SHEFTE, aka, FRED SHEFTE), an individual; TRUMAN PRESS, INC. (dba HANNOVER HOUSE, INC.), an Arkansas corporation; and MEDALLION RELEASING, INC., an Arkansas corporation,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>(1) **BREACH OF CONTRACT (Engagement Letters for Legal Services);**<br><br>(2) **BREACH OF GUARANTY AGREEMENTS;**<br><br>(3) **COMMON COUNTS** |
|---|---|

COMPLAINT

Plaintiff, HINDS & SHANKMAN, LLP (hereinafter referred to as the "Plaintiff"), complains of the above-captioned defendants, HANNOVER HOUSE, an Arkansas corporation (hereinafter referred to as "HHSE"), ERIC F. PARKINSON (aka ERIC PARKINSON), an individual (hereinafter referred to as "Parkinson") D. FREDERICK SHEFTE (aka FREDRICK SHEFTE, aka, FRED SHEFTE), an individual (hereinafter referred to as "Shefte"), TRUMAN PRESS, INC. (dba HANNOVER HOUSE, INC.), an Arkansas corporation (hereinafter referred to as "TRUMAN"), and MEDALLION RELEASING, INC., an Arkansas corporation (hereinafter referred to as "MEDALLION") (hereinafter collectively referred to as the "Defendants"), and avers as follows:

## SUMMARY

1.     This action involves breaches of two separate contracts on the part of the Defendants, and each of them, as obligors and as guarantors arising from obligations for unpaid legal fees and costs incurred and owing to the Plaintiff in the principal sum of at least $137,795.98, plus interest and attorneys' fees as of the date of this Complaint.

## THE PARTIES

2.     The Plaintiff is a California Limited Liability Partnership with its principal place of business located in Torrance, California.

3.     The Plaintiff is informed and believes, and upon said information and belief asserts that Defendant HHSE was at all times referenced herein, an Arkansas for profit corporation, incorporated in the State of Arkansas and doing business therein.

4.     The Plaintiff is informed and believes, and upon said information and belief asserts that Defendant MEDALLION was at all times referenced herein, an Arkansas for profit corporation, incorporated in the State of Arkansas and doing business therein.

5.     The Plaintiff is informed and believes, and upon said information and belief asserts that Defendant TRUMAN was at all times referenced herein, an Arkansas for

profit corporation, incorporated in the State of Arkansas and doing business therein under the name of Hannover House, Inc.

6.    The Plaintiff is informed and believes, and upon said information and belief asserts that Defendant, Parkinson is an individual and a resident of Fayetteville, Arkansas, and is the owner, manager, director, and/or agent for HHSE, MEDALLION, and TRUMAN.

7.    The Plaintiff is informed and believes, and upon said information and belief asserts that Defendant, Shefte is an individual and a resident of Fayetteville, Arkansas, and is the owner, manager, director, and/or agent for HHSE, MEDALLION, and TRUMAN.

### JURISDICTION AND VENUE

8.    This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. §1332(a).  No Defendant is a citizen of the same state as the Plaintiff and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9.    Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(c) because the Defendants executed agreements and performed under said agreements in this judicial district and the Plaintiff's claims arose of out of civil actions prosecuted both before the Los Angeles Superior Court and before the United States District Court for the Central District of California in Los Angeles County against certain of the Defendants as set forth herein below.

10.    This Court enjoys venue under 28 U.S.C. § 1391(a)(2) because all or a substantial portion of the events that gave rise to the Plaintiff's claims transpired in the Central District of California, including the execution of agreements and performance under said agreements and the damages caused to the Plaintiff.

### GENERAL ALLEGATIONS

11.    On or about September 3, 2015, for good and valuable consideration, and for the express purpose of inducing the Plaintiff to perform legal services on behalf of

2

**COMPLAINT**

HHSE and to represent HHSE as a defendant in a civil action pending before the Los Angeles Superior Court entitled Red Bull Media House, Inc. v. Hannover House, Inc., Los Angeles Superior Court Case No. BC 572 596 (hereinafter referred to as the "Red Bull Matter"), Defendant HHSE, as primary obligor, and individual Defendants Parkinson and Shefte, as guarantors of all legal fees and costs incurred on behalf of HHSE in the Red Bull Matter, fully executed and entered into a binding engagement letter (hereinafter referred to as the "Red Bull Contract") obligating HHSE, Parkinson, and Shefte, jointly and severally, to pay in full to the Plaintiff all legal fees and costs incurred by the Plaintiff in its representation of HHSE in the Red Bull Matter. A redacted executed copy of the Red Bull Contract is attached hereto as Exhibit "1" and is incorporated herein by this reference as if set forth in full.

12.     Upon the successful completion of the Plaintiff's representation of HHSE under the Red Bull Contract by way of an authorized fully executed Settlement Agreement, notice of which was filed with the Los Angeles Superior Court on August 26, 2016, to the benefit of HHSE, Defendants HHSE, Parkinson, and Shefte, despite repeated requests and transmission of monthly invoices to their attention for payment by the Plaintiff, have refused to pay to the Plaintiff an outstanding principal balance to date in the approximate sum of $18,143.04 (not including interest, fees, and costs allowable under applicable law, subject to proof at trial). A true and correct copy of the latest unpaid monthly invoice owing to the Plaintiff by Defendants HHSE, Parkinson, and Shefte dated January 4, 2020 is attached hereto as Exhibit "2" and is incorporated herein by this reference as if set forth in full.

13.     On or about April 26, 2017, for good and valuable for good and valuable consideration, and for the express purpose of inducing the Plaintiff to perform legal services on behalf of HHSE, TRUMAN, MEDALLION, and Parkinson as defendants in a civil action pending before the United States District Court for the Central District of California entitled *Uptone Pictures, Inc. and Michael Davis v. Hannover House,*

*Inc., Eric Parkinson, Truman Press, Inc. (dba Hannover House), and Medallion Releasing, Inc.*, USDC Case No. 2:17-cv-01959 (hereinafter referred to as the "Uptone Matter"), Defendants HHSE, TRUMAN, MEDALLION, and Parkinson as primary obligors and individual Defendants Parkinson and Shefte, as guarantors of all legal fees and costs incurred on behalf of HHSE, TRUMAN, MEDALLION, and Parkinson in the Uptone Matter, fully executed and entered into a binding engagement letter (hereinafter referred to as the "Uptone Contract") obligating HHSE, TRUMAN, MEDALLION, Parkinson, and Shefte, jointly and severally, to pay in full to the Plaintiff all legal fees and costs incurred by the Plaintiff in its representation of HHSE, TRUMAN, MEDALLION, and Parkinson in the Uptone Matter. A redacted executed copy of the Uptone Contract is attached hereto as Exhibit "3" and is incorporated herein by this reference as if set forth in full.

14.     Upon the successful completion of the Plaintiff's representation of HHSE, TRUMAN, MEDALLION, and Parkinson under the Uptone Contract by way of an authorized fully executed Settlement Agreement dated October 2, 2017, followed by a Dismissal of the Uptone Matter filed with the United States District Court on February 4, 2018 to the benefit of HHSE, TRUMAN, MEDALLION, and Parkinson, Defendants herein HHSE, TRUMAN, MEDALLION, Parkinson, and Shefte, despite repeated requests and transmission of monthly invoices to their attention for payment by the Plaintiff, have refused to pay to the Plaintiff an outstanding principal balance to date in the approximate sum of $119,816.76 (not including interest, fees, and costs allowable under applicable law, subject to proof at trial). A true and correct copy of the latest unpaid monthly invoice owing to the Plaintiff by Defendants HHSE, TRUMAN, MEDALLION, Parkinson, and Shefte dated February 6, 2020 is attached hereto as Exhibit "4" and is incorporated herein by this reference as if set forth in full.

15.     On January 2, 2019, the Individual Defendants and the Arkansas Registered Agents for Service of Process designated by the latest official records for the Secretary

of State of the State of Arkansas, Defendants Parkinson and Shefte, were served as required by the Red Bull Contract and the Uptone Contract and under California law with a fully executed Notice of Client's Right to Arbitration regarding the unpaid sums due and owing by the Defendants under the Red Bull and Uptone Contracts as set forth in Exhibits "1" through "4" as set forth therein and as averred herein.  A true and correct copy of the fully executed and served Notice of Client's Right to Arbitration is attached hereto as Exhibit "5" and is incorporated herein as if set forth in full.  Neither the Plaintiff, nor any of the Defendants herein to date have requested a Fee Arbitration pursuant to Exhibit "5" attached hereto.

## FIRST CLAIM FOR RELIEF

### (Breach of Contracts – Red Bull Contract and Uptone Contracts – Against Defendants HHSE, TRUMAN, MEDALLION, and Parkinson)

16.     Plaintiff incorporates by reference, and alleges herein all of the allegations set forth in paragraphs 1 through 15, inclusive, of this complaint (hereinafter referred to as the "Complaint"), as if set forth individually in this First Claim for Relief.

17.     As hereinabove alleged, Defendant obligor HHSE under the Red Bull Contract has defaulted on its contractual obligation to pay in full to the Plaintiff the principal sum of at least $18,143.04.

18.     As hereinabove alleged, Defendant obligors HHSE, TRUMAN, MEDALLION, and Parkinson under the Uptone Contract have defaulted on their contractual obligations to pay in full to the Plaintiff the principal sum of at least $119,816.76.

19.     Plaintiff performed all covenants, conditions, and duties under the Red Bull Contract and under the Uptone Contract that it was obligated to perform, except for those obligations waived by the Defendants or made impossible to perform by the Defendants.

5

**COMPLAINT**

20.     As a direct and proximate results of the breaches of the Red Bull Contract and the Uptone Contract, the Plaintiff has sustained injuries and damages in the principal sum of at least $137,959.98, which amount continues to increase under California law at $37.80 in interest at 10 percent per day, plus other damages, fees, and costs according to proof at trial.

## SECOND CLAIM FOR RELIEF

### (Breach of Guaranties – as to Defendants Parkinson and Shefte)

21.     Plaintiff adopts, incorporates by reference, and alleges herein all of the allegations set forth in paragraphs 1 through 15, inclusive, of this Complaint, as if set forth individually in this Second Claim for Relief.

22.     As hereinabove alleged, for good and valuable consideration, Defendants Parkinson and Shefte (hereinafter referred to collectively as the "Guarantors") executed as individuals Guaranties as contained in the Red Bull Contract and in the Uptone Contract under which the Guarantors absolutely and unconditionally jointly and severally guaranteed prompt payment of and promised to pay or cause to be paid to the Plaintiff all outstanding and unpaid legal fees and costs due and owing to the Plaintiff under the Red Bull Contract and under the Uptone Contract under the express provisions and full execution of same as contained in Exhibits "1" and "3" attached hereto and incorporated herein by this reference as if set forth in full.

23.     As a direct and proximate result of breach of the Red Bull Contract and the Uptone Contract as alleged hereinabove and according to proof, the Guarantors jointly and severally owe to the Plaintiff all sums due and owing under or pursuant to the Red Bull Contract and the Uptone Contract as alleged and according to proof, and necessary to compensate the Plaintiff for the failure to perform by HHSE, TRUMAN, MEDALLION, and Parkinson under the Red Bull Contract and under the Uptone Contract as alleged herein, including resulting damages, in the minimum sum of $137,959.80, plus lawful interest, fees, and costs according to proof at trial.

**COMPLAINT**

24.     Plaintiff performed all covenants, conditions, and duties under the Red Bull Contract and under the Uptone Contract that it was obligated to perform, except for those obligations waived by the Defendants or made impossible to perform by the Defendants.

25.     The Guarantors have breached the Guaranties by failing to pay all sums due under or pursuant to the Red Bull Contract and the Uptone Contract, as hereinabove alleged, or according to proof.

26.     As a direct and proximate result of the Guarantors' breach of the Guaranties, as herein alleged or according to proof, Plaintiff has suffered damages according to proof, but in excess of the minimum jurisdiction of this Court, in a minimum principal amount of $137,959.80 pursuant to Exhibits "1" through "5" attached hereto and incorporated herein by this reference as if set forth in full.

## THIRD CLAIM FOR RELIEF

### (Common Counts – as against all Defendants)

27.     Plaintiff adopts, incorporates by reference, and alleges herein all of the allegations set forth in paragraphs 1 through 15, inclusive of this Complaint, as if set forth individually in this Third Claim for Relief.

28.     Plaintiff alleges that all Defendants by virtue of the Red Bull Contract, the Uptone Contract, and by virtue of the Guaranties contained therein, became indebted to Plaintiff within the last four years because an account was stated in writing by and between Plaintiff and the Defendants in which it was agreed that that the Defendants, including the Guarantors,  were indebted to the Plaintiff for the legal fees and costs incurred and unpaid in the amounts alleged hereinabove as to each Defendant pursuant to the terms of the Red Bull Contract, the Uptone Contract, and the personal Guaranties executed therein at the request of the Defendants as alleged herein and pursuant to Exhibits "1" through "5" attached hereto and incorporated herein by this reference as if set forth in full.

**COMPLAINT**

29.     The Defendants, and the Guarantors, agreed to pay Plaintiff the  reasonable value of the unpaid legal fees and costs had and received and remaining unpaid as alleged herein.

30.     The reasonable value of the unpaid legal fees and costs had and received was the sum of the minimum principal amount of $137,959.80 pursuant to Exhibits "1" through "5" attached hereto and incorporated herein by this reference as if set forth in full, as of February 11, 2020, which amount continues to increase at $37.80 per day, plus accruing fees, costs, and interest according to proof.

**WHEREFORE**, the Plaintiff respectfully prays for the judgment against Defendants as follows:

1) As to Defendants HHSE, Shefte, and Parkinson as to the amounts owing and unpaid under the Red Bull Contract for a principal amount of damages totaling $18,143.04, plus interest, fees, and costs subject to proof at trial; and

2) As to Defendants HHSE, TRUMAN, MEDALLION, Parkinson, and Shefte as the amounts owing and unpaid under the Uptone Contract for a principal amount of damages totaling $119,816.76, plus interest, fees, and costs subject to proof at trial;

3) For reasonable attorneys' fees according to proof and costs of suit herein incurred;

4) For prejudgment interest; and

5) For such other further relief as this Court deems just and proper.


Dated:  February 12, 2020            Respectfully submitted,

THE HINDS LAW GROUP, APC


By: _____
        JAMES ANDREW HINDS, JR.
        Attorneys for Plaintiff, Hinds & Shankman, LLP,
        a California Corporation

8

**COMPLAINT**

# EXHIBIT "1"

# EXHIBIT "1"

James Andrew Hinds, Jr.
Paul R. Shankman
Brian Yeretzian*

**HINDS & SHANKMAN, LLP**
ATTORNEYS AND COUNSELORS
21257 Hawthorne Blvd.
Second Floor
Torrance, California 90503

Telephone: 310-316-0500
Facsimile:  310-792-5977

\* Also admitted in New York

September 3, 2015

**VIA E-MAIL AND FIRST-CLASS MAIL**                                             807.001

Mr. Eric Parkinson, President/CEO
Hannover House, Inc.
1428 Chester Street
Springdale, AR 72764

Re:   <u>Red Bull Media House North America v. Hannover House, Inc.</u>; LASC Case No.
BC 572596

Dear Mr. Parkinson:

As a follow-up to your e-mails and attachments to and from our office, I have set
forth herein below in this letter the terms on which we will assist Hannover House, Inc.
(hereinafter "You" or "Your") in opposing Red Bull Media House North America, Inc.'s
(hereinafter "Red Bull") pending Request for Default and Default Judgment and
hopefully concluding an acceptable settlement of their claim for $250,990.00 against
You.   We are pleased that You have selected Hinds & Shankman, LLP (hereinafter the
"Firm") to act as your counsel in this matter.





9

***HINDS & SHANKMAN, LLP***

Mr. Eric Parkinson, President/CEO
Hannover House, Inc.
September 3, 2015
Page 2 of 9



    As is our standard practice, we will provide You with budgets for each phase of the process. While we may attempt to estimate fees to assist You in Your further planning, if requested, such estimates are not binding, and we will not revise them unless specifically requested by You. Estimates must be written and contain a complete set of facts and assumptions.

    Our objective is to provide high quality legal services to our clients at a fair and reasonable cost. This letter outlines the basis upon which we will provide legal services, and confirms our understanding with respect to the payment of legal fees and the payment of costs and expenses incurred in conjunction with such representation. We apologize for the formality of this Agreement, but we believe that it is important that our clients have a clear understanding of the Firm's policies from the inception of our relationship. Moreover, many of the provisions of this letter are required or recommended by California law, the State Bar of California, or the Code of Professional Responsibility of the American Bar Association.

    <u>Scope of Services; Client Duties</u>. You are hiring the Firm as your attorneys to represent You in the matter described above. Our responsibilities will be to provide legal counsel and assistance to represent Your interests in such a fashion as the matters may require within the bounds of the law and the ethical requirements of our profession. We will endeavor to keep You informed of the progress of the matters we are handling and respond to your inquiries. While we have talked to you, it must be clear that our sole client at this time is Hannover House, Inc. On Your part, You understand the need for truthful and accurate information, and the need to cooperate and to keep us informed of any developments. Obviously, we will both be expected to abide by the terms of this Agreement.

**HINDS & SHANKMAN, LLP**

Mr. Eric Parkinson, President/CEO
Hannover House, Inc.
September 3, 2015
Page 3 of 9

1.    <u>Services We Do **Not** Undertake Unless Expressly Agreed In Writing</u>.

      (a)    <u>Insurance Advice</u>.

Although we do not and cannot express any opinion on the subject, You may be a beneficiary under a policy or policies of insurance that could provide a defense or otherwise indemnify You from any liability to other parties or damages You may have suffered that are related to the matters upon which You wish to employ us. We recommend that You consult with your insurance professional as to whether such insurance coverage exists. Representation of You with respect to any insurance issue, including whether You have insurance that might provide coverage, is not within the scope of our duties unless expressly provided for in this Agreement.

      (b)    <u>Tax Advice</u>.

We disclaim any expertise as to tax matters. You are thus cautioned to address any matters related to our limited representation and the tax impact of the matter to your tax professionals.

      (c)    <u>Duties Upon Termination of Active Representation</u>.

Upon cessation of our active involvement in a particular matter in which we have been engaged, we will have no further duty to inform You of future developments or changes in the law as may be relevant to such matter in which our representation has ceased.

      (c)    <u>Appeals</u>.

We will not be responsible for representing You on any appeals in any matters. Should any matter go up on appeal, we will discuss with You terms upon which our representation may continue.

2.    <u>Legal Fees and Billing Practices</u>. The Code of Professional Responsibility of the American Bar Association suggests that professional fees reflect a number of factors including the number of attorney hours incurred, the relative experience of the attorney(s) performing the services, the difficulty of the matter, and the result obtained for the client. Our professional fees are usually determined by the number of hours expended, multiplied by guideline hourly billing rates. These rates are guidelines, and we reserve the right to make upward or downward adjustments as may be appropriate under the circumstances. From time to time our guideline rates will change, as will other costs related to the services that we will perform. Our minimum billing unit for our legal personnel is one-tenth of an hour. Our standard guideline rates are set forth on

**HINDS & SHANKMAN, LLP**

Mr. Eric Parkinson, President/CEO
Hannover House, Inc.
September 3, 2015
Page 4 of 9

the attached schedule. In the event of a change in these rates, You will receive a disclosure notice included with or reflected in Your bill.

3.      We normally charge for all activities undertaken in providing legal services to You under this Agreement, including, but not limited to, the following: conferences, including preparation and participation; preparation and review of correspondence and other documents; legal research; court and other appearances, including preparation and participation; necessary travel related to court appearances, meetings, or evidence preparation; and telephone calls, including calls with You, other attorneys or persons involved with this matter, and governmental agencies. The legal personnel assigned to Your matter may confer among themselves about the matter, as required. When they do confer, each person may charge for the time expended. Likewise, if more than one of our legal personnel attends a meeting, court hearing or other proceeding, each may charge for the time spent. We will charge for travel time, both local and out of town.

4.      <u>Costs and Other Charges For Which We Will Bill You</u>. We will incur various costs and expenses in the normal course of performing legal services under this Agreement. Our preference is for You to advance all expenses. In circumstances where it is not practical for You to advance the costs, You agree to reimburse us for those costs and expenses in addition to the hourly fees. Costs and expenses for which we would charge include filing and recordation fees, court reporters' fees, video-conferencing, messenger and other delivery fees, parking, transportation, lodging, and other necessary travel expenses, non-routine bulk photocopying (wherever performed), scanning, bulk postage, and other similar items. Depending upon the matter, costs and expenses could also include expert witness fees, title insurance fees, consultant and investigator fees, and similar out-of-pocket expenses incurred on Your behalf. All costs and expenses will be charged at our actual cost when payable or reimbursed to a third party.

5.      <u>Costs and Other Charges For Which We Will **Not** Bill You</u>. We do not charge for routine non-bulk photocopying, faxes, long distance phone calls, or routine postage.

6.      <u>Security Deposit</u>. ███████████████████████████████ Wire instructions have been sent to You. The security deposit will be held in our client trust account and may be applied to our monthly billings, but will be held until such time as the matter is concluded. We reserve the right from time to time to request additional amounts, depending on the continuing nature of our representation. If, during the course of our representation, we request an additional retainer or security deposit as a condition of our continuing to represent You, You agree to provide that additional sum that we will hold in our client trust account. We also reserve the right to apply all or part of the security deposit in the event our monthly billings are not timely paid. Because we do not collect interest on our

12

**HINDS & SHANKMAN, LLP**

Mr. Eric Parkinson, President/CEO
Hannover House, Inc.
September 3, 2015
Page 5 of 9

trust accounts, we will not pay You any interest on amounts deposited. We may also request a security deposit after a trial, arbitration, or mediation date has been set, at which time all amounts previously billed will be due, and You will be required to provide a security deposit for fees and costs to be incurred in preparing for and completing a trial, arbitration, or mediation. The amounts actually incurred by us on Your behalf may exceed the amount of the initial or any subsequent security deposits we require.

7.      Billing Statements. We will send You monthly billing statements indicating fees and costs incurred, any amounts applied from any retainer, and any current balance owed. Upon request, we can provide various levels of detail in your billing statement, including the legal personnel working on Your matter(s) for that billing period with their current guideline hourly rate. We will generally send You billing statements on a monthly basis, although if no fees or costs are incurred for a particular month, or they are minimal, we may hold a statement and combine it with that for the following month. If You have any questions concerning any statement, we encourage You to discuss them with us so that we may have an opportunity to resolve any misunderstandings or issues You have about Your matter(s).

8.      Internal Firm Communications. During our engagement, the occasion might arise for the Firm to consult with its own counsel — our General Counsel or other Firm lawyers working with our General Counsel who do not perform work for You on Your matter(s), or with our own outside counsel — at our expense. To the extent that we are addressing our own rights or responsibilities, a conflict of interest might be deemed to exist between us and You as to such consultation or resulting communications, particularly if a dispute were to arise between You and us regarding your matter(s). A condition of this engagement is that, You hereby consent to such future consultation occurring and waive any claim of conflict of interest based on such consultation or resulting communications that could otherwise disqualify us from continuing to represent You or from acting in our own behalf, even if doing so might be deemed adverse to Your interests. You acknowledge that such communications are protected by our own attorney client and work product privileges from disclosure to You. If You should have any questions concerning this letter or the consent in connection with such a consultation, please discuss them with us before signing and returning this letter. With regard to this waiver, we also encourage You to seek independent counsel regarding the import of this consent, if You so desire, and we emphasize that You remain completely free to seek independent counsel at any time even if You decide to sign this Agreement and grant the consent to this consultation. Your signing this Agreement confirms that You have waived any conflict regarding such consultation.

9.      Discharge and Withdrawal. You may discharge us at any time, and we have the right to withdraw from representing You at any time, subject to any required court approvals. Reasons for our withdrawal include, but are not limited to, Your breach of

**HINDS & SHANKMAN, LLP**

Mr. Eric Parkinson, President/CEO
Hannover House, Inc.
September 3, 2015
Page 6 of 9

this Agreement, Your failure to pay our invoices when due, Your refusal to cooperate with us or to follow our advice on a material matter or any fact or circumstance that would render our continuing representation of You unlawful or unethical.

When our services conclude, all unpaid charges will immediately become due and payable. After our services conclude, upon Your written request, we will deliver Your file to You along with any funds or property of Yours in our possession. The work product produced in the course of our representation will remain our property.

10.    <u>Disclaimer of Guarantee</u>. Nothing in this Agreement should be construed as a promise or guarantee about the outcome of any matter which we are handling on Your behalf. Our comments about the outcome of Your matter and the associated fees and costs therewith are expressions of opinion only.

11.    <u>Future Conflict</u>. Our undertaking to represent You in the above matter(s) will not act as a bar so as to prevent us from representing any existing or future client with respect to a claim adverse to Yours, so long as (we are no longer representing You as a current client and) in the course of our representation of You we have not obtained any information that would be adverse to Your interests with respect to such claim.

12.    <u>Lien</u>. We request that You grant us a lien on all claims or causes of action which are the subject of our representation under this Agreement. This lien is to secure payment of our fees and costs and would attach to any recovery You might obtain, whether by arbitration award, judgment, settlement or otherwise. The disadvantage of the lien to You is that, if we have a dispute over our fees and costs, it could delay your receipt of the funds that are in dispute. However, we ask for such a lien to protect our right to payment of our fees and costs, and should a dispute over our fees or costs arise, we will make every effort to resolve that dispute promptly. You have the opportunity to seek independent legal advice before agreeing to this provision. Your signing this Agreement will confirm that You have granted us such a lien.

13.    <u>Disputes</u>. We appreciate the opportunity to serve as Your attorneys and anticipate a productive, harmonious relationship. If You become dissatisfied for any reason with the services we have performed or the fees or costs charged, we encourage You to bring that to our attention immediately: If we perceive a problem with the representation, we will discuss it with You. Many such problems should be rectified by communication and discussion. However, a dispute could arise between us which cannot be resolved by negotiation. We believe that such attorney-client disputes are most satisfactorily resolved through binding arbitration rather than by litigation in court.

Arbitration is a process by which both parties to a dispute agree to submit the matter to a retired judge or other arbitrator who has expertise in the area and to abide by the arbitrator's decision, instead of through litigation in court. In arbitration, there is

14

**_HINDS & SHANKMAN, LLP_**

Mr. Eric Parkinson, President/CEO
Hannover House, Inc.
September 3, 2015
Page 7 of 9

no right to a trial by jury and the arbitrator's legal and factual determinations are generally not subject to appellate review.  Arbitration rules of evidence and procedure are often less formal and rigid than a court trial.  Arbitration usually results in a decision more quickly than proceedings in court, and the attorneys' fees and other costs incurred by both sides are usually substantially less.

        Both the United States and California Supreme Courts have endorsed arbitration as an accepted and favored method of resolving disputes, because it is economical and expeditious.  Arbitration is also less acrimonious and more confidential than traditional litigation and is therefore particularly suited to resolution of disputes between attorneys and their clients.

        By signing this Agreement, You agree that, if any dispute arises out of or relating in any way to this Agreement, our relationship, or the services performed (including, but not limited to, disputes regarding attorneys' fees or costs and claims of negligence, breach of contract or fiduciary duty, fraud or any claim based upon a tort or statute), such dispute shall be resolved by submission to binding arbitration in Los Angeles County, California, before a retired judge or justice.  If we are unable to agree on a retired judge or justice, each party will name one retired judge or justice and the two named persons will select a neutral judge or justice who will act as the sole arbitrator.  Any decision of the arbitrator(s) may be confirmed by a court of competent jurisdiction and the ensuing judgment may thereafter be enforced in the same manner as a judgment in a civil action.  The ensuing judgment may also be appealed pursuant to Code of Civil Procedure section 1294.2.

        You are free to discuss the advisability of arbitration with us or Your independent counsel or any of Your other advisors and to ask any questions which You have.

        In addition, California law requires that You be given the opportunity to seek arbitration of any fee disputes which may subsequently arise between us.  If You elect such fee dispute arbitration, we both agree that the decision of the arbitrators shall be binding upon both of us.  Any decision of the arbitrator(s) may be confirmed by a court of competent jurisdiction and the ensuing judgment may thereafter be enforced in the same manner as a judgment in a civil action.  The ensuing judgment may also be appealed pursuant to Code of Civil Procedure section 1294.2.

        If either of us initiates any legal action or proceeding concerning or in any way relating to the terms and provisions of this Agreement, we both understand and agree that any such legal action, arbitration or proceeding shall be brought in California, whose substantive and procedure laws, rules and regulations shall apply to this Agreement.

*HINDS & SHANKMAN, LLP*

Mr. Eric Parkinson, President/CEO
Hannover House, Inc.
September 3, 2015
Page 8 of 9

14.     Additional Legal Representation/Entire Agreement.  Unless otherwise agreed in writing between us, all other matters referred to us for representation shall be governed by the terms of this letter.  Our obligation to represent You shall also consist of an obligation to furnish appropriate representation in such additional matters with reasonable diligence as applicable to the matter in question.  This Agreement contains all terms of the agreement between us applicable to our representation of You, and may not be modified except by a written agreement signed by both of us.  No other agreement, statement or promise made on or before the effective date of this Agreement will be binding on the parties to this Agreement.  This Agreement may only be modified by subsequent agreement of the parties in an instrument signed by all parties hereto.

15.     Responsibility For Payment.  The person or persons signing this Agreement on behalf of the corporation or partnership represent that they have authority to so act and agree that they shall be jointly and severally liable to us for all sums due or to become due to us under this Agreement, and they agree to be bound by the Disputes and arbitration provision of this Agreement, as set forth above.

16.     File Maintenance.  We will maintain your file(s) and documents throughout the period in which we are actively handling a particular matter and for three years thereafter.  We will have the right to destroy your files after three years or any longer time we deem appropriate given the circumstances, without any obligation to notify you.  The Firm routinely purges its files and records of matters that have been resolved.  Of course, You may request Your files or documents at any time prior to such destruction, and they will be promptly returned to You or to others as directed.

17.     Effective Date.  If this letter accurately reflects our agreement, please sign the enclosed duplicate copy and return it to us with the ███████████████.  We will have no obligation to provide legal services until this Agreement takes effect.  This Agreement will take effect when we receive the executed Agreement and the ████████████████████.  Even if this Agreement does not take effect, You agree to pay us the reasonable value of any services we may have performed for You.

       If You have any questions concerning the provisions of this Agreement, we invite Your inquiries.  We look forward to working with You.

                            Very truly yours,

                            HINDS & SHANKMAN, LLP

                            By: _____

                            Paul R. Shankman, Member

*HINDS & SHANKMAN, LLP*

Mr. Eric Parkinson, President/CEO
Hannover House, Inc.
September 3, 2015
Page 9 of 9

PRS:

Enclosure

The undersigned have read and understands the foregoing terms and those set forth on
the attached Rate Schedule and agrees to them, as of the date Hinds & Shankman,
LLP, first provided services.  The undersigned agrees to be liable for all obligations
under this Agreement.

| Hannover House, Inc.<br><br>By: _____<br>Eric Parkinson, President/CEO | _____<br>Eric Parkinson<br><br>_____<br>D. Fredrick Shefte |
| --- | --- |

### HINDS & SHANKMAN, LLP
### RATE SCHEDULE
### Guideline Hourly Rates For Legal Personnel

| | |
| --- | --- |
| Partners | $350 - $495 |
| Of Counsel/Senior Counsel | $250 - $495 |
| Associates | $200 - $395 |
| Law Clerks | $120 - $195 |
| Paralegals | $90 - $200 |

*These rates are subject to periodic adjustment, as discussed in the Agreement*

17

# EXHIBIT "2"

EXHIBIT "2"

James Andrew Hinds, Jr.
Paul R. Shankman
Rachel M. Sposato*
_____
*Also admtted in Massachusetts



21257 Hawthorne Boulevard
Second Floor
Torrance, California 90503
Telephone:  (310) 316-0500
Taxpayer I.D. No.:  45-1159556

Mr. Eric Parkinson, President/CEO                                      January 04, 2020
Hanonover House, Inc.
300 N. College, Suite 311
Fayetteville, AR 72701                                   **Due Date:  January 24, 2020**

For Services Rendered Through: December 31, 2019
Our File No.:                              807.002
In Reference To:                     Red Bull Media House North America, Inc. v. Hannover House Inc.,
                                              Los Angeles Superior Court No. BC 572 596

### BILLING SUMMARY

PREVIOUS BALANCE FORWARD          $18,143.04

INTEREST ON UNPAID BALANCE            $0.00

PAYMENTS AND CREDITS                      $0.00

TOTAL AMOUNT OF THIS BILL                $0.00

**BALANCE DUE**                                  **$18,143.04**

FOR YOUR CONVENIENCE ALL MAJOR CREDIT CARDS ARE ACCEPTED
FIND OUR CREDIT CARD AUTHORIZATION FORM ON THE LAST PAGE OF YOUR INVOICE

18

Mr. Eric Parkinson, President/CEO

January 04, 2020
Page 2

| In Reference To: | Red Bull Media House North America, Inc. v. Hannover House Inc., Los Angeles Superior Court No. BC 572 596 |
|---|---|
| Our File No.: | 807.002 |

| | Amount |
|---|---|
| Previous balance | $18,143.04 |
| Balance due | $18,143.04 |

Mr. Eric Parkinson, President/CEO

January 04, 2020
Page 3

In Reference To: Red Bull Media House North America, Inc. v. Hannover House Inc., Los Angeles Superior Court No. BC 572 596

Our File No.: 807.002

## CREDIT CARD AUTHORIZATION

TODAY'S DATE_____ CLIENT/MATTER NUMBER_____

Visa_____

MasterCard_____

Discover Card_____

American Express_____

_____
Credit Card No.

_____
Security Code          Date of Expiration:  Month  /  Year

Amount to pay          $  _____

☐                    ☐                    ☐                    ☐
Fees                 Trust Account        Retainer             General Account
                     Payment                                   Payment

Please pay all future invoices      _____          _____
by the credit card above            Yes             No

Signature          _____

Print Name         _____

Billing address    _____

City, State, Zip    _____

By signing above, you understand and agree that the payment of retainer and/or invoiced amounts is not intended to be subject to charge-back or stoppage once the payment has been made, and that you have and are continuing to induce the Firm to perform specific legal services on your behalf solely upon the promise of these funds being paid by credit card and not rescinded once paid. You acknowledge that under the terms of the Engagement Agreement, any dispute as to the invoiced fees and costs is to be raised within thirty (30) days or waived, and in authorizing as credit card payment you are representing your agreements to, and waiver of any objections as to the invoices being paid. You agree to indemnify and hold this Firm harmless from any charge, damages, loss, or obligation resulting from our inability to receive, or requirement to reimburse, any amounts paid by the credit card for the purposes set forth above, including payments made on account to cover monthly billings or Engagement Agreement, and whether or not such payment is made on one or more different credit cards.

20

EXHIBIT "3"

EXHIBIT "3"



# HINDS
## SHANKMAN LLP
ATTORNEYS · COUNSELORS

JAMES ANDREW HINDS, JR.
PAUL R. SHANKMAN
RACHEL M. SPOSATO*
*Also admitted in Massachusetts

21257 HAWTHORNE BLVD.
2ND FLOOR
TORRANCE, CA 90503
TEL: 310.316.0500
FAX: 310.792.5977

April 26, 2017

<u>VIA E-MAIL AND FIRST CLASS MAIL</u>
<u>CONFIDENTIAL ATTORNEY CLIENT COMMUNICATION</u>

807.003

Mr. Eric Parkinson, President/CEO
Mr. Fred Shefte, President/COO
Hannover House, Inc.
Truman Press, Inc. (dba Hannover House)
Medallion Releasing, Inc.
1428 Chester Street
Springdale, AR 72764

Re:   <u>Agreement for Legal Services</u>

Dear Mssrs. Parkinson and Shefte:

Pursuant to my conversations with Fred and e-mail exchanges today with you to represent you, Hannover House, Inc., Eric Parkinson, and all Defendants in the District Court Case pending in Los Angeles, <u>Uptone Pictures, Inc. and Michael Davis v. Hannover House, Inc., Eric Parkinson, Truman Press, Inc. (dba Hannover House), and Medallion Releasing, Inc.;</u> USDC Case No. 2:17-cv-01959 (hereinafter referred to as "You" or "Your") at first limited to a Stay of the Pending Litigation to facilitate:



You are to provide me with the full Complaint and attachments and Fred's factual and legal analysis and Financial Statements for all Defendants, to support a negotiated Settlement Offer, keeping in mind the upcoming merger sworn under Penalty of Perjury.

**HINDS & SHANKMAN, LLP**
Mr. Eric Parkinson, President/CEO
Mr. Fred Shefte, President/COO
Hannover House, Inc.
Truman Press, Inc. (dba Hannover House)
Medallion Releasing, Inc.
April 26, 2017
Page 2 of 9

We will make every attempt, with Your authorization, to achieve consensual resolutions to all issues. However, we cannot and will not guarantee however resolutions without disputes that may occur. We will inform You immediately of any and all disputes and suggested resolutions along the way.

Our objective is to provide high quality legal services to our clients at a fair and reasonable cost. This letter outlines the basis upon which we will provide legal services, and confirms our understanding with respect to the payment of legal fees and the payment of costs and expenses incurred in conjunction with such representation. We apologize for the formality of this Agreement, but we believe that it is important that our clients have a clear understanding of the Firm's policies from the inception of our relationship. Moreover, many of the provisions of this letter are required or recommended by California law, the State Bar of California, or the Code of Professional Responsibility of the American Bar Association.

1.      Scope of Services; Client Duties. You are hiring the Firm as your attorneys to represent You in the limited matters described above. Our responsibilities will be to provide legal counsel and assistance and represent Your interests in such a fashion as the matters may require within the bounds of the law and the ethical requirements of our profession. We will endeavor to keep You informed of the progress of the matters we are handling and respond to your inquiries. On your part, You understand the need for truthful and accurate information, and the need to cooperate and to keep us informed of any developments. Obviously, we will both be expected to abide by the terms of this Agreement.

2.      Services We Do **Not** Undertake Unless Expressly Agreed In Writing. Although we do not and cannot express any opinion on the subject, You may be a beneficiary under a policy or policies of insurance that could provide a defense or otherwise indemnify You from any liability to other parties or damages You may have suffered that are related to the matters upon which You wish to employ us. We recommend that You consult with your insurance professional as to whether such insurance coverage exists. Representation of You with respect to any insurance issue, including whether You have insurance that might provide coverage, is not within the scope of our duties unless expressly provided for in this Agreement.

3.      Duties Upon Termination of Active Representation. Upon cessation of our active involvement in a particular matter in which we have been engaged, we will have no further duty to inform You of future developments or changes in the law as may be relevant to such matter in which our representation has ceased.

4.      Legal Fees and Billing Practices. The Code of Professional Responsibility of the American Bar Association suggests that professional fees reflect a number of factors including the number of attorney hours incurred, the relative experience of the attorney(s) performing the services, the difficulty of the matter, and the result obtained for the client. Our professional

**HINDS & SHANKMAN, LLP**
Mr. Eric Parkinson, President/CEO
Mr. Fred Shefte, President/COO
Hannover House, Inc.
Truman Press, Inc. (dba Hannover House)
Medallion Releasing, Inc.
April 26, 2017
Page 3 of 9

fees are usually determined by the number of hours expended, multiplied by guideline hourly billing rates. These rates are guidelines, and we reserve the right to make upward or downward adjustments as may be appropriate in the circumstances. From time to time our guideline rates will change, as will other costs related to the services that we will perform. Our minimum billing unit for our legal personnel is one-tenth of an hour. Our standard guideline rates are set forth on the attached schedule. In the event of a change in these rates, You will receive a disclosure notice included with or reflected in your bill.

We normally charge for all activities undertaken in providing legal services to You under this Agreement, including but not limited to the following: conferences, including preparation and participation; preparation and review of correspondence and other documents; legal research; court and other appearances, including preparation and participation; necessary travel related to court appearances, meetings, or evidence preparation; and telephone calls, including calls with you, other attorneys or persons involved with this matter, and governmental agencies. The legal personnel assigned to your matter may confer among themselves about the matter, as required. When they do confer, each person may charge for the time expended. Likewise, if more than one of our legal personnel attends a meeting, court hearing or other proceeding, each may charge for the time spent. We will charge for travel time, both local and out of town.

5.    Costs and Other Charges For Which We Will Bill You. We will incur various costs and expenses in the normal course of performing legal services under this Agreement. Our preference is for You to advance all expenses. In circumstances where it is not practical for You to advance the costs, You agree to reimburse us for those costs and expenses in addition to the hourly fees. Costs and expenses we would charge for include filing and recordation fees, court reporters' fees, video-conferencing, messenger and other delivery fees, parking, transportation, lodging, and other necessary travel expenses, non-routine bulk photocopying (wherever performed), scanning, bulk postage, and other similar items. Depending upon the matter, costs and expenses could also include expert witness fees, title insurance fees, consultant and investigator fees, and similar out of pocket expenses incurred on your behalf. All costs and expenses will be charged at our actual cost when payable or reimbursed to a third party.

6.    Costs and Other Charges For Which We Will **Not** Bill You. We do not charge for routine non-bulk photocopying, faxes, long distance phone calls, or routine postage.

7.    Security Deposit. Security Deposit. In order for us to commence our representation, we require a security deposit. Given the scope of the initial engagement we ███████████████████████████ The security deposit will be held in our client trust account and will not be applied to our monthly billings, but will be held until such time as the matter is concluded. We reserve the right from time to time to request additional amounts, depending

**HINDS & SHANKMAN, LLP**
Mr. Eric Parkinson, President/CEO
Mr. Fred Shefte, President/COO
Hannover House, Inc.
Truman Press, Inc. (dba Hannover House)
Medallion Releasing, Inc.
April 26, 2017
Page 4 of 9

on the continuing nature of our representation. If during the course of our representation, we request an additional retainer or security deposit as a condition of our continuing to represent You, You agree to provide that additional sum that we will hold in our client trust account. We also reserve the right to apply all or part of the security deposit in the event our monthly billings are not timely paid. Because we do not collect interest on our trust accounts, we will not pay You any interest on amounts deposited. We may also request a security deposit after a trial, arbitration, or mediation date has been set, at which time all amounts previously billed will be due. The amounts actually incurred by us on your behalf may exceed the amount of the initial or any subsequent security deposits we require.

8.     Billing Statements. We will send You monthly billing statements indicating fees and costs incurred, any amounts applied from any retainer, and any current balance owed. Upon request, we can provide various levels of detail in your billing statement, including the legal personnel working on your matter[s] for that billing period with their current guideline hourly rate.

We will generally send You billing statements on a monthly basis, although if no fees or costs are incurred for a particular month, or they are minimal, we may hold a statement and combine it with that for the following month. Each statement is due on receipt, but in any event no later than thirty (30) days thereafter. If You have any questions concerning any statement, we encourage You to discuss them with us so that we may have an opportunity to resolve any misunderstandings or issues you have about your matter[s]. In the event of a billing dispute, You agree to pay all uncontested amounts within thirty (30) days of your receipt of our invoices. We do reserve the right to charge interest on all delinquent accounts at the rate of the lesser of either 10% per annum, compounded monthly, or the maximum allowed by law. We reserve the right to charge and collect interest even if such accrued and accruing interest is not reflected on any statement or invoice presented. We also reserve the right to suspend further work at any time that there is an outstanding invoice to You more than thirty days past due. In the event that an outstanding invoice is not paid in accordance with this Agreement, if requested by us, You expressly agree to sign, consent or have us sign as your attorney-in-fact, as applicable, a stipulation permitting the Firm to withdraw as counsel of record with respect to any legal action in which we are involved on your behalf.

9.     Internal Firm Communications. During our engagement, the occasion might arise for the Firm to consult with its own counsel — our General Counsel or other Firm lawyers working with our General Counsel who do not perform work for You on your matter (s), or with our own outside counsel — at our expense. To the extent that we are addressing our own rights or responsibilities, a conflict of interest might be deemed to exist between us and You as to such consultation or resulting communications, particularly if a dispute were to arise between You and us regarding your matter(s). A condition of this engagement is that, You hereby consent to such future consultation occurring and waive any claim of conflict of interest

**HINDS & SHANKMAN, LLP**
Mr. Eric Parkinson, President/CEO
Mr. Fred Shefte, President/COO
Hannover House, Inc.
Truman Press, Inc. (dba Hannover House)
Medallion Releasing, Inc.
April 26, 2017
Page 5 of 9

based on such consultation or resulting communications that could otherwise disqualify us from continuing to represent You or from acting in our own behalf, even if doing so might be deemed adverse to your interests. You acknowledge that such communications are protected by our own attorney client and work product privileges from disclosure to You. If You should have any questions concerning this letter or the consent in connection with such a consultation, please discuss them with us before signing and returning this letter. With regard to this waiver, we also encourage You to seek independent counsel regarding the import of this consent, if You so desire, and we emphasize that You remain completely free to seek independent counsel at any time even if You decide to sign this Agreement and grant the consent to this consultation. Your signing this Agreement confirms that You have waived any conflict regarding such consultation.

10.     Discharge and Withdrawal. You may discharge us at any time and we have the right to withdraw from representing You at any time, subject to any required court approvals. Reasons for our withdrawal include, but are not limited to, your breach of this Agreement, your failure to pay our invoices when due, your refusal to cooperate with us or to follow our advice on a material matter or any fact or circumstance that would render our continuing representation of You unlawful or unethical.

When our services conclude, all unpaid charges will immediately become due and payable. After our services conclude, upon your written request, we will deliver your file to You along with any funds or property of yours in our possession. The work product produced in the course of our representation will remain our property.

11.     Disclaimer of Guarantee. Nothing in this Agreement should be construed as a promise or guarantee about the outcome of any matter which we are handling on your behalf. Our comments about the outcome of your matter and the associated fees and costs therewith are expressions of opinion only.

12.     Future Conflict. Our undertaking to represent You in the above matter[s] will not act as a bar so as to prevent us from representing any existing or future client with respect to a claim adverse to yours, so long as [we are no longer representing You as a current client and] in the course of our representation of You we have not obtained any information that would be adverse to your interests with respect to such claim. We will address this issue if it come up in the future.

13.     Lien. We request that You grant us a lien on all claims or causes of action which are the subject of our representation under this Agreement. This lien is to secure payment of our fees and costs and would attach to any recovery You might obtain, whether by arbitration award, judgment, settlement or otherwise. The disadvantage of the lien to You is that, if we have a dispute over our fees and costs, it could delay your receipt of the funds that are in

**HINDS & SHANKMAN, LLP**
Mr. Eric Parkinson, President/CEO
Mr. Fred Shefte, President/COO
Hannover House, Inc.
Truman Press, Inc. (dba Hannover House)
Medallion Releasing, Inc.
April 26, 2017
Page 6 of 9

dispute. However, we ask for such a lien to protect our right to payment of our fees and costs, and should a dispute over our fees or costs arise, we will make every effort to resolve that dispute promptly. You have the opportunity to seek independent legal advice before agreeing to this provision. Your signing this Agreement will confirm that You have granted us such a lien.

14.  Disputes. We appreciate the opportunity to serve as your attorneys and anticipate a productive, harmonious relationship. If You become dissatisfied for any reason with the services we have performed or the fees or costs charged, we encourage You to bring that to our attention immediately. If we perceive a problem with the representation, we will discuss it with You. Most such problems should be rectified by communication and discussion. However, a dispute could arise between us which cannot be resolved by negotiation. We believe that such attorney-client disputes are most satisfactorily resolved through binding arbitration rather than by litigation in court.

Arbitration is a process by which both parties to a dispute agree to submit the matter to a retired judge or another arbitrator who has expertise in the area and to abide by the arbitrator's decision, instead of through litigation in court. In arbitration, there is no right to a trial by jury and the arbitrator's legal and factual determinations are generally not subject to appellate review. Arbitration rules of evidence and procedure are often less formal and rigid than a court trial. Arbitration usually results in a decision more quickly than proceedings in court, and the attorneys' fees and other costs incurred by both sides are usually substantially less.

Both the United States and California Supreme Courts have endorsed arbitration as an accepted and favored method of resolving disputes, because it is economical and expeditious. Arbitration is also less acrimonious and more confidential than traditional litigation and is therefore particularly suited to resolution of disputes between attorneys and their clients.

By signing this Agreement, You agree that, if any dispute arises out of or relating in any way to this Agreement, our relationship, or the services performed (including but not limited to disputes regarding attorneys' fees or costs and claims of negligence, breach of contract or fiduciary duty, fraud or any claim based upon a tort or statute), such dispute shall be resolved by submission to binding arbitration in Los Angeles County, California, before a retired judge or justice. If we are unable to agree on a retired judge or justice, each party will name one retired judge or justice and the two named persons will select a neutral judge or justice who will act as the sole arbitrator. Any decision of the arbitrator(s) may be confirmed by a court of competent jurisdiction and the ensuing judgment may thereafter be enforced in the same manner as a judgment in a civil action. The ensuing judgment may also be appealed pursuant to Code of Civil Procedure section 1294.2.

**HINDS & SHANKMAN, LLP**
Mr. Eric Parkinson, President/CEO
Mr. Fred Shefte, President/COO
Hannover House, Inc.
Truman Press, Inc. (dba Hannover House)
Medallion Releasing, Inc.
April 26, 2017
Page 7 of 9

You are free to discuss the advisability of arbitration with us or your independent counsel or any of your other advisors and to ask any questions which You have.

In addition, California law requires that You be given the opportunity to seek arbitration of any fee disputes which may subsequently arise between us. If You elect such fee dispute arbitration, we both agree that the decision of the arbitrators shall be binding upon both of us. Any decision of the arbitrator(s) may be confirmed by a court of competent jurisdiction and the ensuing judgment may thereafter be enforced in the same manner as a judgment in a civil action. The ensuing judgment may also be appealed pursuant to Code of Civil Procedure section 1294.2.

If either of us initiates any legal action or proceeding concerning or in any way relating to the terms and provisions of this Agreement, we both understand and agree that any such legal action, arbitration or proceeding shall be brought in California, whose substantive and procedure laws, rules and regulations shall apply to this Agreement.

15. Additional Legal Representation/Entire Agreement. Unless otherwise agreed in writing between us, all other matters referred to us for representation shall be governed by the terms of this letter. Our obligation to represent You shall also consist of an obligation to furnish appropriate representation in such additional matters with reasonable diligence as applicable to the matter in question. This Agreement contains all terms of the agreement between us applicable to our representation of You, and may not be modified except by a written agreement signed by both of us. No other agreement, statement or promise made on or before the effective date of this Agreement will be binding on the parties to this Agreement. This Agreement may only be modified by subsequent agreement of the parties in an instrument signed by all parties hereto.

16. Responsibility For Payment. The person or persons signing this Agreement on behalf of the corporation or partnership represent that they have authority to so act and agree that they shall be jointly and severally liable to us for all sums due or to become due to us under this Agreement, and they agree to be bound by the Disputes and arbitration provision of this Agreement, set forth above.

17. File Maintenance. We will maintain your file(s) and documents throughout the period in which we are actively handling a particular matter and for three years thereafter. We will have the right to destroy your files after three years or any longer time we deem appropriate given the circumstances, without any obligation to notify you. The Firm routinely purges its files and records of matters that have been resolved. Of course, You may request your files or documents at any time prior to such destruction, and they will be promptly returned to You or to others as directed.

**HINDS & SHANKMAN, LLP**
Mr. Eric Parkinson, President/CEO
Mr. Fred Shefte, President/COO
Hannover House, Inc.
Truman Press, Inc. (dba Hannover House)
Medallion Releasing, Inc.
April 26, 2017
Page 8 of 9

18.    Effective Date.  If this letter accurately reflects our agreement, please sign the enclosed copy and return it to us, with the ████████████████████  We will have no obligation to provide legal services until this Agreement takes effect.  This Agreement will take effect when we receive the executed Agreement and the ████████████████████  Even if this Agreement does not take effect, You agree to pay us the reasonable value of any services we may have performed for you.

If You have any questions concerning the provisions of this Agreement, we invite your inquiries.  We look forward to working with You.

Very truly yours,

HINDS & SHANKMAN, LLP

By: _____
Paul R. Shankman, Member

The undersigned have read, understand, and agree to the foregoing terms and those set forth on the attached Rate Schedule as of the date Hinds & Shankman, LLP, first provided services.

Mr. Eric Parkinson, President/CEO and an Individual
Mr. Fred Shefte, President/COO and an Individual
Hannover House, Inc.
Truman Press, Inc. (dba Hannover House)
Medallion Releasing, Inc.

By: _____
Mr. Eric Parkinson, President and CEO and an Individual

By: _____
Mr. Fred Shefte, President and COO and an Individual

28

**HINDS & SHANKMAN, LLP**
Mr. Eric Parkinson, President/CEO
Mr. Fred Shefte, President/COO
Hannover House, Inc.
Truman Press, Inc. (dba Hannover House)
Medallion Releasing, Inc.
April 26, 2017
Page 9 of 9

## HINDS & SHANKMAN, LLP
## RATE SCHEDULE

| | |
|---|---|
| Partners | $475-$595 |
| Of Counsel/Senior Counsel | $260 - $450 |
| Associates | $200 - $350 |
| Law Clerks | $120 - $170 |
| Paralegals | $90 - $200 |
| Partners | $350 - $450 |

*These rates are subject to periodic adjustment, as discussed in the Agreement*

# EXHIBIT "4"

# EXHIBIT "4"

James Andrew Hinds, Jr.
Paul R. Shankman
Rachel M. Sposato*

*Also admtted in Massachusetts



21257 Hawthorne Boulevard
Second Floor
Torrance, California 90503
Telephone: (310) 316-0500
Taxpayer I.D. No.: 45-1159556

Hannover House, Inc.                                                  February 06, 2020
1428 Chester Street
Springdale, AR 72764
Mr. Eric Parkinson, President/CEO and Mr. Fred Shefte, VP       **Due Date: February 26, 2020**

For Services Rendered Through: January 31, 2020
Our File No.:                    807.003
In Reference To:                 Uptone Pictures, Inc. and Michael Davis v. Hannover House, Inc.,
                                 Eric Parkinson et al., United States District Court Case No.
                                 2:17-cv-01959

### BILLING SUMMARY

PREVIOUS BALANCE FORWARD          $119,816.76

INTEREST ON UNPAID BALANCE              $0.00

PAYMENTS AND CREDITS                    $0.00

TOTAL AMOUNT OF THIS BILL               $0.00

**BALANCE DUE**                    **$119,816.76**

FOR YOUR CONVENIENCE ALL MAJOR CREDIT CARDS ARE ACCEPTED
FIND OUR CREDIT CARD AUTHORIZATION FORM ON THE LAST PAGE OF YOUR INVOICE

Hannover House, Inc.

February 06, 2020
Page  2

| In Reference To: | Uptone Pictures, Inc. and Michael Davis v. Hannover House, Inc., Eric Parkinson et al., United States District Court Case No. 2:17-cv-01959 |
| --- | --- |
| Our File No.: | 807.003 |

|  | Amount |
| --- | --- |
| Previous balance | $119,816.76 |
| | |
| Balance due | $119,816.76 |

Hannover House, Inc.

February 06, 2020
Page  3

| In Reference To: | Uptone Pictures, Inc. and Michael Davis v. Hannover House, Inc., Eric Parkinson et al., United States District Court Case No. 2:17-cv-01959 |
| Our File No.: | 807.003 |

## CREDIT CARD AUTHORIZATION

TODAY'S DATE_____ CLIENT/MATTER NUMBER_____

Visa_____

MasterCard_____

Discover Card_____

American Express_____

Credit Card No. _____

Security Code _____

Date of Expiration:  Month     /     Year

Amount to pay          $ _____

☐ Fees    ☐ Trust Account Payment    ☐ Retainer    ☐ General Account Payment

Please pay all future invoices by the credit card above     _____ Yes     _____ No

Signature _____

Print Name _____

Billing address _____

City, State, Zip _____

By signing above, you understand and agree that the payment of retainer and/or invoiced amounts is not intended to be subject to charge-back or stoppage once the payment has been made, and that you have and are continuing to induce the Firm to perform specific legal services on your behalf solely upon the promise of these funds being paid by credit card and not rescinded once paid.  You acknowledge that under the terms of the Engagement Agreement, any dispute as to the invoiced fees and costs is to be raised within thirty (30) days or waived, and in authorizing as credit card payment you are representing your agreements to, and waiver of any objections as to the invoices being paid.  You agree to indemnify and hold this Firm harmless from any charge, damages, loss, or obligation resulting from our inability to receive, or requirement to reimburse, any amounts paid by the credit card for the purposes set forth above, including payments made on account to cover monthly billings or Engagement Agreement, and whether or not such payment is made on one or more different credit cards.

# EXHIBIT "5"

# EXHIBIT "5"

## NOTICE OF CLIENT'S RIGHT TO ARBITRATION

**Hannover House, Inc.**
**c/o Mr. Fred Shefte and Mr. Eric Parkinson**
**1428 Chester Street**
**Springdale, AR 72764**
**e-mail addresses:  fredshefte1@gmail.com; eric@hannoverhouse.com**

☐    I have filed a lawsuit against you in the _____.

☐    I have filed an arbitration against you with the _____ Court.

X    I intend to file a lawsuit or arbitration against you regarding your failure to pay my fees and/or costs for professional services in the amount of **$136,807.10**,  plus Fees and Costs incurred during December, 2018. and thereafter, plus interest and attorneys' fees regarding the various matters billed to you under our client numbers 807.002 and 807.003, plus all fees and costs of collection.

As an alternative to the above, you have the right under Sections 6200 - 6206 of the California Business and Professions Code to request arbitration of this fee dispute by an independent, impartial arbitrator or panel or arbitrators through a bar association program created solely to resolve fee disputes between lawyers and clients.

You will LOSE YOUR RIGHT TO ARBITRATION if:

1.    YOU DO NOT FILE A WRITTEN APPLICATION FOR ARBITRATION WITH THE BAR ASSOCIATION WITHIN 30 DAYS FROM RECEIPT OF THIS NOTICE; OR

2.    YOU RECEIVE THIS NOTICE AND THEN EITHER (1) ANSWER A COMPLAINT I HAVE FILED IN COURT; OR (2) FILE A RESPONSE TO ANY ARBITRATION PROCEEDING THAT I HAVE INITIATED FOR COLLECTION OF FEES, AND/OR COSTS, WITHOUT FIRST HAVING SERVED AND FILED A REQUEST FOR ARBITRATION UNDER THIS PROGRAM; OR

3.    YOU FILE AN ACTION OR PLEADING IN ANY LAWSUIT WHICH SEEKS A COURT DECISION ON THIS DISPUTE OR WHICH SEEKS DAMAGES FOR ANY ALLEGED MALPRACTICE OR PROFESSIONAL MISCONDUCT.

If I have already file a lawsuit or arbitration, you may have the lawsuit or arbitration postponed after you have filed an application for arbitration under this program.

You can obtain a form to request arbitration from the local bar association if they have an approved fee arbitration program.  The address and telephone number of the arbitration program is:

**Beverly Hills Bar Association**       **Los Angeles County Bar Association**
**300 South Beverly Drive**             **261 South Figueroa Street**
**Beverly Hills, CA**                   **Los Angeles, CA 90012-2503**
**(310) 553-6644**                      **(213) 627-2727**

The State Bar of California will conduct fee arbitration where there is no approved local program or if you believe you cannot receive a fair hearing before the local bar named above.  If you need assistance, please contact Mandatory Fee Arbitration, State Bar of California, 180 Howard Street, San Francisco, CA 94105-1639.

DATED: January 2, 2019

_____
JAMES ANDREW HINDS, JR., Managing Member
Hinds & Shankman, LLP

1

33